22 Cal.Rptr. 197]

[Crim. No. 8132.   Second Dist., Div. Three.   June 1, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. JOHNNY PHILLIPS, Defendant and Appellant.

Johnny Phillips, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

THE COURT.—An indictment was returned against "John Doe Johnny" and "John Doe Blood" accusing them of two offenses of the sale of marijuana. The indictment was amended by substitution of the name Johnny Phillips for "John Doe Johnny." In a jury trial in which he was represented by a deputy public defender, Phillips was convicted of both offenses. He made a motion for new trial which was denied, probation was denied and he was sentenced to state prison

on each count, the sentences to run concurrently with each other. He filed an appeal in propria persona from the judgment and from the order denying his motion for a new trial. He applied for appointment of counsel on the appeal; we read the record, determined that the appeal was frivolous and denied the application. Appellant was notified, was given time to file a brief and none has been filed.

. The following evidence was received. Officer Gerald L. Ray of the Narcotic Detail of the Los Angeles Police Department, testified that on July 11, 1961, while seated in his car, he was approached by Phillips and asked if he needed any ''weed,'' and when given an affirmative answer that he would like a ''can'' defendant offered to find someone ''holding that much weed.'' A short time later, defendant entered the officer's car and directed the officer to drive down an alley and park behind some buildings. Defendant left and returned in about five minutes with a person known as ''John Doe Blood'' who handed Ray a newspaper package in return for $15 which Ray handed him. On the following day Ray met Phillips who stated that he thought Ray was going to give him a couple of bucks for helping him ''score last night.'' Ray gave defendant $1.00 and bought him a beer. It was arranged that Ray would return at 9 p. m. that night. When he returned defendant inquired whether Ray wanted some ''weed'' and upon receiving an affirmative answer and at defendant's direction Ray drove into an alley, defendant left and returned about five minutes later with Blood who offered to procure a ''can of weed'' for Ray. They drove to another location; Blood asked for $15; Ray demurred at paying the money until he got the ''stuff.'' To assure Ray he would return with the ''weed'' Blood handed Ray a $50 bill and Ray handed Blood the keys to his car and $15. Blood left and soon returned and handed Ray a paper-wrapped package; Ray drove defendant and Blood to the place where they had met and they separated. It was stipulated at the trial that the packages were retained by the police as evidence, that the contents were analyzed by K. R. Druley, a chemist of the Police Department, and if Mr. Druley was called he would testify that each package contained marijuana. Defendant testified and denied that he was instrumental in procuring marijuana for Ray. He testified that on the occasion of his first meeting with Ray he was requested to procure some marijuana for Ray, and while he was discussing the matter with Ray later that night Blood overheard the conversation and that he, defendant,

left while Ray and Blood were talking. Defendant returned and at Ray's request defendant went with Ray into an alley where, Ray said, he was going to "score." The following day Ray said that Blood had "scored" for him. Ray gave him $1.00 "and it was for scoring." Defendant denied having seen Blood on the 12th of July and denied having ever driven anywhere with Ray and Blood.

Defendant was well represented by the public defender. We have examined the instructions that were requested by the parties and find that the jury was fully and correctly instructed.

The judgment and order denying motion for new trial are affirmed.